**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>   v.<br><br>JOHN GERINGER,<br><br>          Defendant-Appellant. | No. 19-10155<br><br>D.C. No. 5:12-cr-00888-EJD-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 4, 2020**

Before:   FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

John Geringer appeals from the district court's judgment and challenges the 140-month sentence imposed on remand for resentencing following his guilty-plea conviction for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; mail fraud, in violation of 18 U.S.C. § 1341; and securities fraud, in

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§ 240.10b-5 and 240.10b5-2.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Geringer contends that the district court procedurally erred by failing to address his non-frivolous, mitigating arguments and to consider the 18 U.S.C. § 3553(a) factors.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  The record reflects the district court considered Geringer's mitigating arguments and the relevant section 3553(a) factors and explained its reasons for imposing a within-Guidelines sentence, including the nature of the offense and the need to afford adequate deterrence.  *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc); *see also United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008) (sentencing judge need not expressly address every sentencing argument).

Geringer also contends that his sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the section 3553(a) factors and totality of the circumstances, including the seriousness of the offense and the need to avoid unwarranted sentence disparities.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**